IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Santiago Ramirez-Tabares, | No. CV-26-01632-PHX-SPL (JZB) |
| Petitioner, | **ORDER** |
| v. | |
| Eric Rokosky, et al., | |
| Respondents. | |

In response to the Court's Order to Show Cause, Respondents state "Petitioner appears to be a member of the Bond Eligible Class certified in *Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, -- F.R.D. --, 2025 WL 3288403, at *9 (C.D. Cal. Nov. 25, 2025). To the extent Petitioner seeks a bond hearing in light of: 1) the class-wide declaratory relief ordered in *Bautista*, which this Court properly notes remains intact, 2) prior decisions in this District concluding that similarly situated individuals as Petitioner are subject to detention under 8 U.S.C. § 1226(a) such as *Echevarria v. Bondi*, CV-25-03252-PHX-DWL (ESW), 2025 WL 2821282 (D. Ariz. 2025), and 3) the Seventh Circuits' reasoning in *Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025), the Court should order a bond hearing consistent with what courts in this district have generally ordered in similar cases, which is to require a bond hearing under section 1226(a)[.]" (Doc. 6 at 1-2.)  The Court's review of the Petition confirms Petitioner is entitled to relief based on its independent view that his detention is governed by § 1226 and not § 1225.

**IT IS ORDERED**:

1. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted**.

2. Respondents must provide Petitioner a bond redetermination hearing within **seven days** or release him from custody under the same conditions that existed before his detention.

3. Respondents must provide a notice of compliance within **three days** of releasing Petitioner or providing him a bond hearing.

4. Any pending motions are denied as moot and the Clerk of Court shall enter judgment in Petitioner's favor and close this case.

Dated this 16th day of March, 2026.

Honorable Steven P. Logan
United States District Judge

- 2 -